IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ARTIE JAMES COLLIER, # 191793, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:19-CV-2-RAH-KFP |
| | ) | (WO) |
| PATRICE RICHIE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Alabama prisoner Artie James Collier's pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1.[1] Collier challenges his convictions for drug trafficking and other controlled substance offenses entered after a jury trial in the Circuit Court of Lee County.

## I.      BACKGROUND AND PROCEDURAL HISTORY

On December 1, 2015, a Lee County jury found Collier guilty of trafficking in oxycodone in violation of ALA. CODE § 13A-12-231(4)a; unlawful possession of a controlled substance in violation of ALA. CODE § 13A-12-12-212; and first-degree possession of marijuana in violation of ALA. CODE § 13A-12-213. Doc. 9-1 at 426–28. On August 18, 2016, the trial court sentenced Collier to life in prison for the trafficking

---

[1] References to document numbers are to the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

conviction and to 36 months in prison for each of the possession convictions. Doc. 9-1 at 95–96, 442.

Testimony presented at the suppression hearing and trial showed that on January 14, 2014, Detective Stanley Garrett with the Opelika Police Department conducted a controlled buy from Collier through the use of a confidential informant. Doc. 9-1 at 262. Detective Garrett provided the confidential informant with money and directed him to purchase cocaine from Collier. *Id*. at 264–65. Detective Garrett observed the confidential informant go to Collier's apartment and then listened to the purchase of cocaine through the use of a covert listening device that he had placed on the confidential informant. *Id*. at 265–66. Following the controlled buy, the confidential informant returned to a prearranged location and presented Detective Garrett with the cocaine purchased from Collier. *Id*. at 266–68. Detective Garrett sought and received a search warrant for Collier's apartment based on the controlled buy. *Id.* at 266, 333–40. On January 17, 2014, Detective Garrett and officers with the Opelika Police Department executed the search warrant at Collier's apartment. In the search, police seized 7.14 grams of powder cocaine, 5.35 grams of oxycodone, 22.76 grams of marijuana, a digital scale, a marijuana pipe, and a marijuana grinder. *Id*. at 312–22, 348.[2]

On direct appeal, Collier presented the following claims:

1.  The trial court erred in denying his request that the State disclose the identity of its confidential informant.

---

[2] The charges against Collier did not arise from his sale of cocaine to the confidential informant. Rather, Collier faced charges related to the drugs found in the search of his apartment. The jury did not hear testimony about the controlled buy.

2.  The trial court erred in failing to grant his motion to suppress the State's evidence because the address listed by Detective Garrett in his affidavit to obtain the search warrant and on the search warrant itself differed from the address listed on the return following the search.

3.  The trial court erred in denying Collier's motion for a judgment of acquittal.

Doc. 9-2. On February 3, 2017, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Collier's convictions and sentence. Doc. 9-4. Collier applied for rehearing, which the Alabama Court of Criminal Appeals overruled on March 17, 2017. Doc. 9-5. Collier did not seek certiorari review in the Alabama Supreme Court. A certificate of judgment was issued on April 5, 2017. Doc. 9-6.

On March 13, 2017, Collier filed a pro se petition in the trial court seeking relief from his conviction and sentence under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 9-7 at 15. He later amended his petition to add an additional claim. Doc. 9-7 at 80. Collier's Rule 32 petition, as amended, presented the following claims:

1.  His trial counsel was ineffective for failing to object to the invalid arrest warrant.

2.  The invalid arrest warrant deprived the trial court of jurisdiction to render a judgment or impose sentence.

3.  The invalid arrest warrant constituted newly discovered facts entitling him to a new trial.

4.  His trial counsel was ineffective for failing to request disclosure of the device used to record Collier's cocaine sale to the confidential informant.

5.  The search warrant for his residence was invalid because it was not signed by a judge or magistrate.

Doc. 9-7 at 17-25, 80–82.

The State moved for dismissal of Collier's Rule 32 petition, arguing that his claims (1) were precluded because they were—or could have been but were not—raised at trial or on appeal; (2) were insufficiently pleaded; (3) failed to state a material issue of fact or law; and (4) were meritless. Doc. 9-7 at 39–45.

On April 2, 2018, the trial court entered an order denying Collier's Rule 32 petition. Doc. 9-7 at 88–90. Collier appealed, filing a pro se brief (Doc. 9-8) that the Alabama Court of Criminal Appeals characterized as "disjointed and confusing." Doc. 9-10 at 4. The Alabama Court of Criminal Appeals found that Collier presented the following claims in his appeal:

1. His trial counsel was ineffective for failing to investigate the discovery materials provided by the State, because those materials would have revealed discrepancies between Detective Garrett's case notes and his testimony at the suppression hearing.

2. His trial counsel was ineffective for failing to object to the State's use of "unsubstantiated" statements by Detective Garrett used to argue against revealing the identity of the confidential informant.

3. His trial counsel was ineffective for failing to object to the State's presentation of "false and misleading" testimony from Detective Garrett at the suppression hearing.

4. The search warrant for his residence was invalid because it was not supported by probable cause.

5. The arrest warrant was invalid because it was based on drug evidence seized on the unlawful search of his residence.

6. The arrest warrant was invalid because it was not signed by a judge or magistrate.

7. The trial court erred in denying his pretrial motion to reveal the identity of the confidential informant.

Doc. 9-10 at 4–5. On August 24, 2018, the Alabama Court of Criminal Appeals issued a

memorandum opinion affirming the trial court's judgment denying Collier's Rule 32

petition. Doc. 9-10. Regarding the claims Collier raised in the Rule 32 appeal, the Alabama

Court of Criminal Appeals stated:

> Only one of Collier's issues on appeal corresponds to a claim raised in his petition or amendment—his argument that the arrest warrant was invalid because, he said, it was not signed by a judge or magistrate. The additional issues Collier raises on appeal, having not been raised in his petition or amendment, were not properly preserved for review and will not be considered by this Court. *See, e.g., Arrington v. State*, 716 So. 2d 237, 239 (Ala. Crim. App. 1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition."). In addition, the claims Collier presented in his petition and amendment but does not pursue on appeal are deemed to be abandoned and will also not be considered by this Court. *See, e.g., Ferguson v. State*, 13 So. 3d 418, 436 (Ala. Crim. App. 2008) ("[C]laims presented in a Rule 32 petition but not argued in brief are deemed abandoned.").

> As for the sole issue that is properly before this Court for review—that the arrest warrant was invalid because, Collier claimed, it was not signed by a judge or magistrate—although Collier couched this claim in jurisdictional terms in his petition, it is not a jurisdictional claim. *Bearden v. State*, 825 So. 2d 868, 870 (Ala. Crim. App. 2001); *Scroggins v. State*, 827 So. 2d 878, 882 (Ala. Crim. App. 2001); *Duren v. State*, 813 So. 2d 928, 930 (Ala. Crim. App. 2000); and *Sumlin v State*, 710 So. 2d 941, 942 (Ala. Crim. App. 1998). (all holding that challenges to an arrest warrant or to the affidavit submitted in support of the arrest warrant are not jurisdictional claims). Because this claim is not jurisdictional, it is subject to the preclusions in Rule 32.2. Specifically, this claim is precluded by Rules 32.2(a)(3) and(a)(5) because it could have been, but was not, raised and addressed at trial and on appeal.

> Rule 32.7(d), Ala. R. Crim. P., authorizes the circuit court to summarily dismiss a petitioner's Rule 32 petition

> > "[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the

> petitioner to relief under this rule and that no purpose would be
> served by any further proceedings . . . ."

> *See also Hannon v. State*, 861 So. 2d 426, 427 (2003); *Cogman v. State*, 852
> So. 2d 191, 193 (Ala. Crim. App. 2002); *Tatum v. State*, 602 So. 2d 381, 384
> (Ala. Crim. App. 1992). Because the only claim properly before this Court
> for review was precluded, summary disposition of Collier's Rule 32 petition
> was appropriate.

Doc. 9-10 at 5–6.

On September 12, 2018, the Alabama Court of Criminal Appeals issued a certificate of judgment in the Rule 32 appeal. Doc. 9-11. Collier filed an application for rehearing, which the Alabama Court of Criminal Appeals struck on September 17, 2018, as untimely filed. Doc. 9-12. On September 24, 2018, Collier filed a petition for writ of certiorari with the Alabama Supreme Court, which that court struck on October 1, 2018, as not having been filed in compliance with the Alabama Rules of Appellate Procedure. Doc. 9-13.

Around December 5, 2018, Collier initiated this habeas action by filing this § 2254 petition. Doc. 1. As with the arguments he presented in his pro se brief in his appeal from the denial of his Rule 32 petition, Collier sets forth the arguments in his § 2254 petition in a disjointed and confusing fashion. From a careful review of Collier's petition and his statements in his reply to Respondents' answer, the Court finds that Collier has presented the following claims in his petition for federal habeas relief:

1. The trial court erred in failing to grant his motion to suppress the State's evidence because the address listed by Detective Garrett in his affidavit to obtain the search warrant and on the search warrant itself differed from the address listed on the return following the search.

2. Factual inconsistencies in Detective Garrett's testimony at the suppression hearing and in his statements in the affidavit to obtain the search warrant, including matters regarding the confidential informant,

demonstrate that the search warrant was not supported by probable cause, and thus the trial court erred in denying Collier's motion to suppress.

Doc. 1 at 5–12; Doc. 11 at 1–12.

In their answer to Collier's petition, Respondents argue that Collier's claims are procedurally defaulted, and that even if his claims are not defaulted, they entitle him to no federal habeas relief. Doc. 9. After careful review of the § 2254 petition, the parties' submissions, and the record, the undersigned Magistrate Judge recommends that Collier's petition be denied without an evidentiary hearing and that this case be dismissed with prejudice. *See* Rule 8(a), Rules Governing Section 2254 Cases in United States District Courts.

## II.   DISCUSSION

### A.   Procedural Default

#### 1.   Exhaustion

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala. R. App. P. 39, 40. The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

### 2.    Adequate and Independent State Ground

Federal habeas review may also be unavailable for claims that a state appellate court has rejected on state procedural grounds. *Coleman*, 501 U.S. at 729. When a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the

last state court to review the claim states clearly and expressly that its judgment rests on a

procedural bar, and that bar provides an adequate and independent state ground for denying

relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see Marek v. Singletary*,

62 F.3d 1295, 1301–02 (11th Cir. 1995).

> By its very definition, the adequate and independent state-ground doctrine
> requires the federal court to honor a state holding that is a sufficient basis for
> the state court's judgment, even when the state court also relies on federal
> law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by
> applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72
> (1977)] curtails reconsideration of the federal issue on federal habeas as long
> as the state court explicitly invokes a state procedural bar rule as a separate
> basis for decision. In this way, a state court may reach a federal question
> without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

### 3.    Exceptions to Procedural Default

A habeas petitioner can overcome a procedural default either through showing cause

for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or

establishing a "fundamental miscarriage of justice," which requires a colorable showing of

actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). Cause for a procedural

default must ordinarily turn on whether the petitioner can show that some objective factor

external to the defense impeded efforts to comply with the state's procedural rules. *Murray*,

477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). Examples of such

external impediments include a factual or legal basis for a claim not reasonably available,

interference with the defense by government officials, or constitutionally ineffective

assistance of counsel. *Murray,* 477 U.S. at 488. To establish prejudice, a petitioner must

show that the errors worked to his "actual and substantial disadvantage, infecting his entire

[proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted). Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 327.

> **B.    Collier's Claims Are Procedurally Defaulted.**
>
> **1.    Discrepancy In Address On Affidavit and Search Warrant and Address On Return**

Collier claims the trial court erred in failing to grant his motion to suppress the State's evidence because the address listed by Detective Garrett in his affidavit to obtain the search warrant and on the search warrant itself differed from the address listed on the return following the search. *See* Doc. 1 at 6, 10; Doc. 11 at 1-12. According to Collier, because of the discrepancy, it is not clear that the address listed in the search warrant was the address actually searched.[3]

The record reflects that Collier asserted this claim on direct appeal. Doc. 9-2 at 18–21. In its memorandum opinion affirming Collier's conviction and sentence, the Alabama Court of Criminal Appeals addressed this claim as follows:

> Collier argues that the circuit court erred by failing to grant his motion to suppress. Specifically, Collier argues that the search warrant was defective because the address listed by Detective Garrett in his affidavit to obtain the search warrant and the address on the search warrant itself—"506E N Antioch Cir."—differed from the address listed by Detective Garrett on his return—"506E W E Morton Ave." (C. 117–19.) Collier argues that it is

---

[3] ALA. CODE § 15-5-13 provides that "[i]n his return of a search warrant to the judge or the magistrate, the officer serving such must specify with particularity the property taken, and the applicant for the warrant and the persons from whose possession the property was taken are entitled to a copy of the return, signed by the judge or the magistrate."

"impossible in this scenario to determine what premises were searched." (Collier's brief, at 15.)

As Collier concedes, he did not first raise this argument below. He argues, though, that because the alleged error is "a constitutional issue, this Court must address it." (Collier's brief, at 15.) On the contrary,

> "'Even constitutional issues must be properly preserved for appellate review. *Brown v. State*, 705 So.2d 871, 875 (Ala. Crim. App. 1997). "Due process does not override the basic law of preservation, . . . and the issue must first be presented to the trial court before it will be reviewed on direct appeal." *Boglin v. State*, 840 So.2d 926, 929 (Ala. Crim. App. 2002).'" *Byrd v. State*, 10 So.3d 624, 626–27 (Ala. Crim. App. 2008)."

*Cosper v. State*, 89 So. 3d 186, 189–90 (Ala. Crim. App. 2010). As such, this issue is not properly before this Court and does not entitle Collier to any relief.

Doc. 9-4 at 5–6.

The Alabama Court of Criminal Appeals' application of the rules of preservation of issues for appeal to Collier's claim constituted an adequate and independent state procedural ground for denying relief. This procedural bar is firmly established and regularly followed by Alabama appellate courts.[4] *See, e.g., Cosper v. State*, 89 So. 3d 186, 189–90 (Ala. Crim. App. 2010); *Byrd v. State*, 10 So. 3d 624, 626–27 (Ala. Crim. App. 2008); *Brown v. State*, 705 So. 2d 871, 875 (Ala. Crim. App. 1997). Consequently, Collier's claim here is procedurally defaulted based on the Alabama Court of Criminal Appeals' application of an adequate and independent state procedural bar. *See Marek,* 62 F.3d at 1301–02.

---

[4] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

The Court finds Collier also failed to properly exhaust this claim in the state courts. While he raised the claim on direct appeal, he did not file a petition for writ of certiorari with the Alabama Supreme Court pursuing the claim during the direct-review stage of his proceedings. Thus, he did not pursue the claim for a complete round of Alabama's established appellate review process. *See Smith*, 256 F.3d at 1140–41; Ala. R. App. P. 39, 40. Collier may no longer return to the state courts to exhaust his claim because the time for him to seek state certiorari review has long since passed, and he has no other available remedies. *See* Ala. R. App. P. 39(c)(2) (petition for writ of certiorari must be filed with the Alabama Supreme Court within 14 days after the decision of the Alabama Court of Criminal Appeals on the appellant's application for rehearing). Thus, the exhaustion and preclusion rules coalesce into the procedural default of Collier's claims. *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

Collier's failure to exhaust this claim matters because the only ground he asserts as "cause" to excuse his procedural default is his appellate counsel's alleged ineffective assistance for advising him, after the Alabama Court of Criminal Appeals affirmed his conviction and overruled his application for rehearing, that there were no other viable avenues to pursue this claim in the state courts. *See* Doc. 11 at 6–12. However, Collier never raised a claim of ineffective assistance of appellate counsel founded on this premise in the state courts. Consequently, he is foreclosed from using the alleged ineffective assistance of his appellate counsel as cause to excuse the procedural default of his claim. *See Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000); *Henderson*, 353 F.3d at 896–97.

Furthermore, Collier had no constitutional right to the effective assistance of counsel in the filing of a petition for writ of certiorari with the Alabama Supreme Court. A defendant is not entitled to counsel, or the effective assistance of counsel, during a discretionary state court appeal. *Ross v. Moffitt*, 417 U.S. 600, 609 (1974). Because there is no constitutional right to counsel to pursue discretionary review after an appeal of right, Collier can have no claim against his appellate counsel's alleged ineffective assistance for advising him he had no viable avenues to pursue his claim after the Alabama Court of Criminal Appeals overruled his application for rehearing in the direct-review proceedings. *See Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982) ("Since [the defendant] had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel" for his attorney's failure timely to file an application for discretionary review after completion of the first appeal).

Collier also fails to demonstrate any prejudice. There is no reasonable likelihood that he would have prevailed on the merits of his claim had he properly raised it and pursued it through every level of state appellate review. Testimony in the trial court on the suppression issue revealed that the building in which Collier resided when the warrant was obtained and when the search was executed was on the corner of N Antioch Circle and W E Morton Avenue and that the address where the search took place went by both 506 N Antioch Circle and 506 W E Morton Avenue. Doc. 9-1 at 261–62. Thus, the property described in Detective Garrett's affidavit and the search warrant was plainly the same property described in the return following the search and was the same property where the search in fact took place.

Because Collier has procedurally defaulted his claim and fails to establish cause and prejudice to excuse his default, his claim is foreclosed from federal habeas review.[5]

### 2. Probable Cause Supporting the Search Warrant: Inconsistences In Detective Garrett's Testimony and Statements In Affidavit

Collier claims that factual inconsistencies in Detective Garrett's testimony at the suppression hearing and in his statements in the affidavit to obtain the search warrant, including matters regarding the confidential informant, demonstrate that the search warrant was not supported by probable cause, and thus the trial court erred in denying his motion to suppress the State's evidence. Doc. 1 at 6–12. Collier presents this claim in discursive fashion, but the Court finds that it implicates several claims that he presented in the brief he filed with the Alabama Court of Criminal Appeals when appealing the denial of his Rule 32 petition. In particular, Collier's instant claim is related to the following claims he raised in his Rule 32 appeal:

- Trial counsel was ineffective for failing to investigate the discovery materials provided by the State, because those materials would have revealed discrepancies between Detective Garrett's case notes and testimony at the suppression hearing.

- Trial counsel was ineffective for failing to object to the State's use of "unsubstantiated" statements by Detective Garrett used to argue against revealing the identity of the confidential informant.

- Trial counsel was ineffective for failing to object to the State's presentation of "false and misleading" testimony from Detective Garrett at the suppression hearing.

---

[5] Collier also fails to present a colorable claim of actual innocence that would excuse his procedural default and provide a gateway to review of the merits of his claim.

- The search warrant for his residence was invalid because it was not supported by probable cause.

After recognizing that Collier raised these claims in his Rule 32 appeal, the Alabama Court of Criminal Appeals held that the claims were not preserved for appellate review because Collier failed to raise the claims in his Rule 32 petition. *See* Doc. 9-10 at 5–6. The Alabama Court of Criminal Appeals' application of this procedural rule constituted an adequate and independent state procedural ground for denying relief. This rule—that issues not raised in the lower court in a Rule 32 petition cannot be raised for the first time on appeal from the denial of the Rule 32 petition—is firmly established and regularly followed by Alabama appellate courts. *See, e.g., Boyd v. State*, 913 So. 2d 1113, 1144 (Ala. Crim. App. 2003); *McGahee v. State*, 885 So. 2d 191, 224 (Ala. Crim. App. 2003); *Arrington v. State*, 716 So. 2d 237, 239 (Ala. Crim. App. 1997). Consequently, Collier's claim is procedurally defaulted based on the Alabama Court of Criminal Appeals' application of an adequate and independent state procedural bar.[6] *Marek,* 62 F.3d at 1301–02.

Collier argues as "cause" to excuse his procedural default that he was prevented from exhausting his claim in the state courts when, he says, the Alabama Court of Criminal Appeals incorrectly struck his application for rehearing in his Rule 32 appeal as untimely filed. Doc. 11 at 17–19. He maintains that his application for rehearing was timely filed.

---

[6] Collier also failed to exhaust this claim in the state courts. His application for rehearing filed in connection with the appeal of the denial of his Rule 32 petition was stricken by the Alabama Court of Criminal Appeals as untimely (Doc. 9-12), and his petition for writ of certiorari with the Alabama Supreme Court was stricken as not having been filed in compliance with the Alabama Rules of Appellate Procedure (Doc. 9-13). Thus, he did not obtain a complete round of review of this claim under Alabama's established appellate review process. *Smith*, 256 F.3d at 1140–41; Ala. R. App. P. 39, 40. And it is too late for him to return to the state courts to exhaust this claim.

*Id.* However, the Alabama Court of Appeals issued its memorandum opinion affirming the denial of Collier's Rule 32 petition on August 24, 2018 (Doc. 9-10), and Collier put his application for rehearing in the prison mail system 19 days later, on September 12, 2018 (Doc. 11-3 at 3). Under Rule 40 of the Alabama Rules of Appellate Procedure, an application for rehearing must be filed within 14 days of the decision being questioned. *See* App. R. App. P. 40(c). No error occurred when the Alabama Court of Criminal Appeals struck Collier's application for rehearing as being untimely filed, and Collier fails to demonstrate cause for his failure to exhaust his claim in the state courts.

Moreover, the default of Collier's claim first occurred when it was not included in his Rule 32 petition. His failure to include the claim in his Rule 32 petition is unrelated to his filing of an untimely application for rehearing after the Alabama Court of Criminal Appeals issued its memorandum opinion affirming the denial of his Rule 32 petition. Because Collier fails to establish cause excusing his procedural default, his claim is foreclosed from federal habeas review.

## III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Collier's 28 U.S.C. § 2254 petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

It is further ORDERED that by **February 25, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous,

conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of February, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE